**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 25, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JERRY WATSON,

   Petitioner-Appellant,

  v.

KEVIN MILYARD; THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

   Respondents-Appellee.

No. 08-1412

District of Colorado

(D.C. No. 1:08-CV-01223-ZLW)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **MURPHY** and **McCONNELL**, Circuit Judges.

  Jerry Watson, a state prisoner proceeding *pro se*, seeks a certificate of appealability (COA) that would allow him to appeal from the district court's order denying his habeas corpus petition under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A). Because we conclude that Mr. Watson has failed to make "a substantial showing of the denial of a constitutional right," we deny his request for a COA, and dismiss the appeal. 28 U.S.C. § 2253(c)(2).

---

  [*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

## Background

Mr. Watson seeks relief from sentences he incurred in 1996 in connection with several counts of aggravated robbery in Colorado. He claims that he should have been allowed to serve his Colorado sentences concurrently with, rather than consecutively to, a prior Missouri sentence. His applications for relief in state court were dismissed as untimely. In April 2008, Mr. Watson filed a 28 U.S.C. § 2254 motion in the Western District of Oklahoma, which was also dismissed as untimely. Doc. 1 at 1. Mr. Watson appeals.

## Discussion

The denial of a motion for relief under 28 U.S.C. § 2254 may be appealed only if the district court or this Court first issues a COA. 28 U.S.C. § 2253(c)(1)(A). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make such a showing, a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

Mr. Watson does not dispute that the period of time between when his 1996 sentences became final and he filed the instant case exceeds the one-year limitations period, but he claims that his delay in seeking habeas relief was

justifiable. He argues that when he was transferred to *Oklahoma* due to overcrowding in Colorado, "the Colorado inmates did not have access to federal and Colorado state court rules and legal materials." COA Application at 2. Mr. Watson thus contends that the court overlooked "a time period that should have been tolled" because of his lack of access to the proper legal materials. *Id*. at 3.

This argument was not presented below. The argument Mr. Watson made in district court was that his time spent in *Missouri* prison should be tolled because he did not have Colorado legal materials there. The district court found that the time Mr. Watson was in Missouri may have been a time when he did not have access to Colorado legal materials, and so held that "a total of 169 days was not tolled under § 2244(d)." Doc. 13 at 7. Mr. Watson is now asking this court also to toll for the time he spent in Oklahoma prison. COA Application at 3. In his filings in district court, however, there was no mention of any tolling argument with respect to his time in Oklahoma. Indeed, the district court expressly found that "Mr. Watson does not claim he was denied access to Colorado legal materials either before he was transferred to Missouri or after he was returned to Colorado." *Id*.

We decline to consider arguments raised for the first time on appeal. *Dockins v. Hines*, 374 F.3d 935, 940 (10th Cir. 2004) ("Because this claim was not presented to the district court, we decline to consider it on appeal and, accordingly, DISMISS that claim.").

-3-

## Conclusion

Accordingly, we **DENY** Mr. Watson's request for a COA and **DISMISS** this appeal. Petitioner's motion to proceed *in forma pauperis* is also **DENIED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge