**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 24, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JERRY WATSON,

Petitioner-Appellant,

v.

KEVIN MILYARD; THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

Respondents-Appellees.

No. 09-1006

District of Colorado

(D.C. No. 1:08-CV-01363-ZLW)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **MURPHY** and **McCONNELL**, Circuit Judges.

Jerry Watson, a state prisoner proceeding *pro se*, seeks a certificate of appealability (COA) that would allow him to appeal from the district court's order denying his habeas corpus petition under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A). Because we conclude that Mr. Watson has failed to make "a substantial showing of the denial of a constitutional right," we deny his request for a COA, and dismiss the appeal. 28 U.S.C. § 2253(c)(2).

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

## Background

On September 11, 1994, Mr. Watson was charged with three counts of second degree kidnapping; three counts of aggravated robbery — deadly weapon; and one count each of conspiracy to commit second degree kidnapping, theft, and a crime of violence sentence enhancer. Doc. 11 at 1. On April 15, 1996, he pled guilty to one count of aggravated robbery — deadly weapon, in exchange for the dismissal of the remaining charges. *Id*. at 1–2. He was sentenced to a term of sixteen years, and the sentence was ordered to run consecutively to a sentence he received for a case in Missouri. *Id*. at 2.

## Discussion

The denial of a motion for relief under 28 U.S.C. § 2254 may be appealed only if the district court or this Court first issues a COA. 28 U.S.C. § 2253(c)(1)(A). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make such a showing, a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal

quotation marks omitted). When a district court denies a habeas petition on procedural grounds, a COA should issue only if reasonable jurists would find it debatable both that "the petition states a valid claim of the denial of a constitutional right" and "the district court was correct in its procedural ruling." *Id*.

The issue in this case is whether Mr. Watson is barred by the one-year statute of limitations from filing his appeal, in light of the fact that he was incarcerated for a considerable period of time in facilities outside Colorado and thus may not have had access to legal materials necessary to the preparation of his case.

In a related case (08-1412), Mr. Watson contended that time he spent incarcerated in Missouri should not count against the statute of limitations. The district court in that case did not ultimately need to decide whether he was legally entitled to tolling because, even deducting the time he spent in Missouri, Mr. Watson still did not satisfy the limitations period. *Watson v. Milyard*, No. 08-cv-01223-BNB, 2008 WL 4425240, at *4 (D. Colo. Sept. 29, 2008). This Court affirmed. *Watson v. Milyard*, No. 08-1412, 314 Fed. App'x 149, 150 (10th Cir. 2009). Specifically, the district court stated that "[c]onsidering that Mr. Watson may not have had access to [Colorado] legal materials until he was actually

placed" in a Colorado facility, it would not count the time he spent in Missouri as applying toward the statue of limitations, but even granting him this additional time, Mr. Watson's appeal was still barred by the one-year limitation period in § 2254(d).[1] *Watson*, 2008 WL 4425240, at *4. Any conclusion that Mr. Watson was entitled to toll the period he was incarcerated in Missouri was therefore *obiter dictum*; in effect, the district court held that, *even if the time he spent in Missouri were tolled*, he still would not prevail.

Here Mr. Watson makes a similar argument. In this case, however, it was necessary for the district court (and therefore is necessary for us) to determine whether the time he was incarcerated in Missouri should be counted toward the one-year statute of limitations. If that time is excluded in this case, then Mr. Watson filed within 359 days of his final order of conviction.

Equitable tolling of the statute of limitations in habeas is permitted only in "rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). The paradigm case of an exceptional circumstance is when a person is

---

[1] In our earlier opinion, we also quoted the district court as saying that "169 days were not tolled" for the purposes of Mr. Watson's appeal. *Watson*, 314 Fed. App'x at 150. This was technically correct, but incomplete—and in context, potentially misleading. The district court found that the *total* time not tolled for Mr. Watson was 489 days, which included the 169 days immediately after Mr. Watson returned to Colorado. Because 489 days puts the time not tolled to over one year, Mr. Watson's appeal was time-barred.

actually innocent.  *Id*.  Mr. Watson does not contend that he is actually innocent.

But we have also held that equitable tolling is permitted "when an adversary's

conduct—or other uncontrollable circumstances—prevents a prisoner from timely

filing."  *Id*.  That is the essence of Mr. Watson's argument.

The district court rejected Mr. Watson's contention in this case, finding

that his "bare allegations of the denial of access to legal resources" was

insufficient to support a claim of equitable tolling.  *Watson v. Milyard*, No. 08-cv-

01363-BNB, 2008 WL 5210257, at *4 (D. Colo. Dec. 9, 2008).  As the district

court noted, equitable tolling is appropriate only if the inmate has pursued his

claims diligently, *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998), and has

alleged "with specificity" the steps he took in diligently pursuing his federal

claims, *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008).  The district court

concluded that Mr. Watson had not met his burden of giving a detailed showing

of the steps he took in "diligently pursu[ing]" his claims.  *Watson*, 2008 WL

5210257, at *3.  According to the district court, Mr. Watson's statement that he

had "pursued every available avenue at trying to get the materials needed" was a

bare allegation that was "insufficient, when standing alone, to justify equitable

tolling."  *Id*. at *4.  We agree.  Although it is theoretically possible that lack of

access to Colorado legal materials could, under certain circumstances, preclude a

prisoner from filing his habeas petition, it is not always so. We do not know whether Mr. Watson sought and was denied Colorado materials, we do not know what legal materials might have been relevant to his claims, and we do not know what efforts he made while in Missouri to prepare and present his case. It is the obligation of the prisoner seeking equitable tolling to supply this information.

In his appellate brief, Mr. Watson primarily complains that the district court treated his two cases inconsistently, tolling the days spent in Missouri in No. 08-1412 but not here. He contends that this could be a violation of his right to equal protection because "although the circumstances [were] equal" in his two appeals, the rulings were not. This is not a substantial claim showing of the denial of a constitutional right. In No. 08-1412, the district court did not need to decide whether Mr. Watson's incarceration in Missouri required equitable tolling because, even if that time was excluded, he still failed to file his habeas petition on time. There is no inconsistency in deciding one case on that ground and then confronting the merits of the equitable tolling question in the other case, where it would actually affect the outcome.

Mr. Watson also argues that the district court was incorrect in saying that his allegations were not sufficiently specific. He says he "wrote both courts in Colorado that sentenced him . . . but neither Denver, nor Arapahoe County

responded to these letters the appellant wrote asking for directions, clearly denying him access." Petr.'s Opening Br. at 2. Mr. Watson cites to a brief in the proceedings below in which he said that in Missouri, he "tried to reach out to the Colorado judicial systems that sentenced him, but they denied his letters as motions, and gave him no help or direction on what he could do about his 35(c) post conviction relief issues." Doc. 8-2 at 2, 7. Mr. Watson did this, he says, "because he didn't know what else to do but write the courts to try to get something done." Doc. 8-2 at 8. He also states, in the brief before us, that he "was denied access on how to file a proper habeas corpus in the United States district court." Petr's Opening Br. at App'x C.

Most of this information comes to us in the form of assertions in his appellate brief rather than evidence in the district court record. It appears, from the record we have, that Mr. Watson's attorneys made some motions in 1996, that Mr. Watson wrote a letter to the court in 1997, and that Mr. Watson filed a pro se motion in 2002. Doc. 8 at 7. Although we will presume all these things happened, we have very little detail about what was in the letter or letters written by Mr. Watson requesting help or direction from the courts (again, they are not in the record). More importantly, this is the extent of his efforts during the nine years he was incarcerated in Missouri. So we agree with the district court that

-7-

Mr. Watson's claim failed to satisfy his obligation to show, "with specificity," that he exercised due diligence.  We do not believe that any reasonable jurist would find that this is one of those rare and extraordinary circumstances where tolling is required.

## Conclusion

Accordingly, we **DENY** Mr. Watson's request for a COA and **DISMISS** this appeal.  Petitioner's motion to proceed *in forma pauperis* is **GRANTED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge